O’Neall, J.
The only question necessary to be discussed and decided, is that which arises out of the first ground of the defendants’ motion for a new trial. Í agree with the Judge below, that parol evidence cannot be received in a suit, between the parties to a bill of sale absolute on its face, in a court of law, to shew that it was intended as a mortgage. This position is sustained by the case of O’Hara v. Hall (4 Dall. 340.) In that case, Chase, J. said “that yon may explain, but you cannot alter a written contract by pa-rol testimony. A case of explanation implies uncertainty, ambiguity and doubt upon the face of the writing. But the proposition now is, a plain case of alteration.” These observations of the learned Judge require, in the exception he pointed out, to be qualified, so that the uncertainty, ambiguity and doubt to be explained by parol, should be created by parol. With this qualification, I think that case states the rule correctly. In the case of Strong v. Stewart (4 J. C. M. 167) it is decided, that the Court of Equity will receive evidence to shew that a bill of sale, absolute on its face, was intended as a mortgage. That case, and all the other decisions in Chancery, place the rule in that court, on the ground of fraud. But the evidence is received, not to destroy the deed, but to set up the secret trust and confidence on which the deed was executed, and allow the party the right to redeem. At law, no such result is attainable: the bill of sale must stand as it is, or be wholly set aside. It is manifest, that the evidence offered would not make out a fraud by misrepresentation. The bill of sale executed, was not represented to be a mortgage to the defendant, M’-Keown ; but he executed it relying on Col. Anderson’s promise, that he might redeem it at any time. This was no fraud in the execution of the instrument, *389 but the fraud consists in applying the bill of sale to a purpose which was not intended. The evidence at law could not inter partes, establish a fraud at law, and cannot be received to add to, vary, or contradict written instrument.
A. W. Thompson, for the motion.
Woods, contra.
But if the evidence had been competent, it could not have altered the plaintiffs’ case; as mortgagee, the plaintiffs’ intestate was the legal owner of the property; and after condition broken, an offer to redeem would not have divested this legal estate at law. This might be a good ground of defence in equity; for in it the mortgage is regarded as a mere ineum-brance on personal property; but at law it conveys the legal right.
The note recovered was, I think, in any point of view, recoverable. -It was given for the hire of the negro. This would, ordinarily,, conclude the defendants from disputing the plaintiffs’ title, and I see no reason for departing from the rule in this case.

The motion is dismissed.

Johnson & Harper, Js. concurred.